**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| MARVIN DICK GODOY CALDERON, | Case No.  26-cv-5002 |
| Petitioner, | |
| v. | **ORDER GRANTING *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER** |
| SERGIO ALBARRAN, et al., | |
| Respondents. | [Re: ECF Nos. 2, 3] |

Before the Court is Petitioner Marvin Dick Godoy Calderon's *ex parte* application for temporary restraining order ("TRO").  ECF No. 2; *see also* ECF No. 3 ("App.").  Counsel for Mr. Calderon has also attached declarations in support of the application.  ECF No. 3-1 ("Weintraub Decl."); ECF No. 3-2 ("Weiner Decl.").  On May 27, 2026, Mr. Calderon filed a Petition for Writ of Habeas Corpus against Respondents Field Office Director of the San Francisco Immigration and Customs Enforcement ("ICE") Office Sergio Albarran, Acting ICE Director David J. Venturella, Secretary of the United States Department of Homeland Security ("DHS") Markwayne Mullin, and Acting Attorney General of the United States Todd Blanche. ECF No. 1 ("Pet.").  Mr. Calderon filed the TRO application the same day, on May 27, 2026. *See* ECF No. 2.

For the following reasons, the TRO application is GRANTED.

## I.    BACKGROUND

The petition, application, and declarations establish as follows.  Mr. Calderon is an asylum seeker from Peru and entered the United States in 2022.  Mr. Calderon was apprehended by DHS officials at the border and was released shortly afterward on his own recognizance.  He went to live in San Francisco, California, while waiting for his immigration court date.  Mr. Calderon has

a pending application for asylum, withholding of removal, and protection under the Convention Against Torture; an individual hearing on his asylum case is scheduled for January 11, 2028. Mr. Calderon received a work permit pursuant to his pending asylum application and works two jobs, one as a janitor and one as a dishwasher.

Mr. Calderon was arrested in 2023 in San Fransico for allegedly receiving stolen property, but the charges were dismissed. Mr. Calderon had an immigration hearing set for May 26, 2026, but received notice that the hearing was rescheduled for 2028 and did not attend. On May 27, 2026, he was re-detained by ICE officers outside his home. Mr. Calderon challenges the lawfulness of his detention.

## II.    LEGAL STANDARD

The standard for issuing a temporary restraining order is substantially identical to the standard for issuing a preliminary injunction. *Washington v. Trump*, 847 F.3d 1151, 1159 n.3 (9th Cir. 2017). Thus, a party seeking a temporary restraining order must establish "[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008). "[I]f a plaintiff can only show that there are serious questions going to the merits–a lesser showing than likelihood of success on the merits–then a preliminary injunction may still issue if the balance of hardships tips *sharply* in the plaintiff's favor, and the other two *Winter* factors are satisfied." *Friends of the Wild Swan v. Weber*, 767 F.3d 936, 942 (9th Cir. 2014) (internal quotation marks and citations omitted).

An injunction is a matter of equitable discretion and is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22. A "TRO 'should be restricted to . . . preserving the status quo and preventing irreparable harm just so long as is necessary to hold a [preliminary injunction] hearing, and no longer.'" *E. Bay Sanctuary Covenant v. Trump*, 932 F.3d 742, 779 (9th Cir. 2018) (quoting *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 439 (1974)).

### III.  DISCUSSION

As a preliminary matter, the Court finds that the requirements for issuing a TRO without notice set out in Federal Rule of Civil Procedure 65(b)(1) are met in this case.  Mr. Calderon's counsel has set out specific facts showing that immediate and irreparable injury, loss, or damage may result before the adverse party can be heard in opposition.  Mr. Calderon's counsel has also stated that it has emailed the Government with notice of the application.  *See* Weiner Decl. ¶ 5.

Mr. Calderon has demonstrated a likelihood of success on the merits of his claim that his ongoing detention violates his procedural due process rights under the Fifth Amendment.  Mr. Calderon has a substantial interest in remaining out of custody, and the Due Process Clause entitles Mr. Calderon to a bond hearing before an immigration judge prior to any arrest or detention.  *Garcia v. Albarran*, No. 26-cv-04839, 2026 WL 1454512, at *2 (N.D. Cal. May 21, 2026) (applying the three-part test established in *Mathews v. Eldridge*, 424 U.S. 319 (1976), to similar circumstances).  His release from ICE custody after his initial apprehension reflected a determination by the government that he was neither a flight risk nor a danger to the community, and Mr. Calderon has a strong interest in remaining at liberty unless he no longer meets those criteria.  Moreoever, his arrest in 2023, without more, does not constitute a change in circumstances warranting his detention.  "*Singh v. Bondi*, No. 26-cv-00598-SKV, 2026 WL 747104, at *3 (W.D. Wash. Mar. 17, 2026) (An arrest, standing alone, is not evidence of criminal activity in breach of Petitioner's release conditions.").  On this record, no evidence indicates that Mr. Calderon is a flight risk or danger, and thus Mr. Calderon has a strong likelihood of success on the merits.

Mr. Calderon has also demonstrated a likelihood of irreparable injury in the absence of temporary relief.  The likely unconstitutional deprivation of liberty that Mr. Calderon faces is an immediate and irreparable harm.  "It is well established that the deprivation of constitutional rights 'unquestionably constitutes irreparable injury.'"  *Hernandez v. Sessions*, 872 F.3d 976, 994 (9th Cir. 2017) (quoting *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012)).  "[I]t follows inexorably from [the] conclusion" that Mr. Calderon's detention without a hearing is "likely

3

United States District Court
Northern District of California

unconstitutional" that he has "also carried [her] burden as to irreparable harm." *Hernandez*, 872 F.3d at 995.

The final two *Winter* factors, the balance of the equities and public interest, also weigh heavily in favor of granting temporary relief. "'[T]he public has a strong interest in upholding procedural protections against unlawful detention,' and the Ninth Circuit has recognized that '[t]he costs to the public of immigration detention are "staggering."'" *Jorge M. F. v. Wilkinson*, No. 21-cv-01434-JST, 2021 WL 783561, at *3 (N.D. Cal. Mar. 1, 2021) (second alteration in original) (first quoting *Ortiz Vargas v. Jennings*, No. 20-cv-5785-PJH, 2020 WL 5074312, at *2 (N.D. Cal. Aug. 23, 2020), then quoting *Hernandez*, 872 F.3d at 996). Meanwhile, the potential harm to the government is minimal: The Government, at most, faces a short delay in detaining Mr. Calderon if it ultimately demonstrates, by clear and convincing evidence, that his detention is necessary to prevent danger to the community or flight. *See Jorge M. F.*, 2021 WL 783561, at *3; *Diaz v. Kaiser*, No. 25-cv-05071-BLF, 2025 WL 1676854, at *3 (N.D. Cal. June 14, 2025). The Government is not "harmed in any legally cognizable sense by being enjoined from constitutional violations." *Zepeda v. U.S. Immigr. & Nat. Serv.*, 753 F.2d 719, 727 (9th Cir. 1983). The balance of hardships thus tips decidedly in Mr. Calderon's favor.

A TRO immediately releasing Mr. Calderon is appropriate to return him to the status quo. *E. Bay Sanctuary Covenant*, 932 F.3d at 779. The status quo refers to "the last uncontested status which preceded the pending controversy." *Doe v. Noem*, 778 F. Supp. 3d 1151, 1166 (W.D. Wash. 2025) (quoting *GoTo.com, Inc. v. Walt Disney Co.*, 202 F.3d 1199, 1210 (9th Cir. 2000)). That is the moment prior to Mr. Calderon's likely illegal detention. *Mena v. Albarran*, No. 26-cv-04749, 2026 WL 1409845, at *3 (N.D. Cal. May 20, 2026) (granting a TRO requiring immediate release of the petitioner back to home confinement from custody, as a restoration of the status quo).

Because Mr. Calderon satisfies all requirements for temporary injunctive relief and such relief is necessary to restore the status quo, the TRO Application is GRANTED as detailed below.

## IV.    ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

4

United States District Court
Northern District of California

(1) Mr. Calderon's application is GRANTED to preserve the status quo pending further briefing and a hearing on this matter.

(2) Respondents are ORDERED to release Mr. Calderon immediately from Respondents' custody and ENJOINED AND RESTRAINED from re-detaining Mr. Calderon without notice and a pre-deprivation hearing before a neutral decisionmaker.  Respondents are ENJOINED from removing Mr. Calderon from this judicial district, and, if they have already transferred him, are ORDERED to return him to this judicial district.

(3) Respondents are PROHIBITED from removing Mr. Calderon from the United States until these proceedings have terminated.

(4) Respondents are ORDERED TO SHOW CAUSE in-person at a hearing in the courtroom of the assigned Judge, or as otherwise ordered by that Judge, at 9:00 a.m. on June 10, 2026, why a preliminary injunction should not issue.  Respondents SHALL file a response to Mr. Calderon's motion by no later than June 2, 2026.  Any reply SHALL be filed by June 5, 2026.  The assigned Judge may modify this schedule as appropriate.

(5) Mr. Calderon SHALL serve on Respondents the petition, summons, and this order by May 28, 2026, at 12:00 p.m.  Respondents SHALL file a status report regarding compliance with this order by May 28, 2026, at 5:00 p.m.

(6) This order shall remain in effect until 4:50 p.m. on June 10, 2026.

Dated:  May 27, 2026, at 4:50 p.m.

_____
BETH LABSON FREEMAN
United States District Judge